**J. J. White, Inc. v. Buckley & Company, Inc.**

*Patrick J. O'Connor,* for plaintiff.

*Alfred P. Libetti,* for City of Philadelphia, defendant.

GREENBERG, July 9, 1974.—On July 17, 1973, in accordance with Pennsylvania Rule of Civil Procedure 4005(a), plaintiff filed and served interrogatories on defendant, City of Philadelphia. Defendant filed no objections pursuant to Pa. R. C. P. 4005(b). Neither were answers to said interrogatories filed within 20 days as required by Pa. R. C. P. 4006.

On April 18, 1974, plaintiff filed a motion for sanctions pursuant to Pa. R. C. P. 4019, to which defendant, City of Philadelphia, filed a memorandum in opposition. Defendant, City of Philadelphia, without any explanation whatsoever for this nine-month delay, now objects to answering certain of the interrogatories as being defective in substance, and protected from discovery by Pa. R. C. P. 4011. In the light of our ruling, we do not comment on the validity of the objections which we would have done had they been timely filed.

For lack of any explanation by the city for this inexcusable delay, we have no alternative but to grant plaintiff's motion for sanctions.

The city is in no different position from any other defendant with respect to the necessity for observing the discovery rules.

In Nissley v. Pennsylvania Railroad Co., 435 Pa. 503, (1969), our Supreme Court held that where an admittedly over broad interrogatory was propounded to plaintiff by defendant, and no objection was filed as to it until four months later, five days before the

jury was sworn, plaintiff waived any defect in the interrogatory.

The court stated in Nissley, supra, at 510:

"This case aptly demonstrates that the integrity of the discovery rules can be preserved only if the rules are taken more seriously."

We hold that where objections to interrogatories are never filed but raised for the first time in an answer to a motion for sanctions nine months subsequent to the filing of the interrogatories, substantive defects in the interrogatories so propounded are deemed waived.

Therefore, pursuant to Pa. R. C. P. 4019, we enter the following

### ORDER

And now, to wit, July 9, 1974, it is hereby ordered and decreed that plaintiff's motion for sanctions is granted, and that defendant, City of Philadelphia, shall answer plaintiff's interrogatories within 30 days from the date hereof or said defendant, City of Philadelphia, shall be precluded from entering a defense to plaintiff's claim and shall not be permitted to introduce evidence at the time of trial.